IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GERALD RICHARD SCHULTZ                                    PLAINTIFF

            V.                 CASE NO. 3:16-cv-03016-TLB

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON                                                 DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is an ERISA action in which Plaintiff claims that Defendant has wrongfully denied payment of disability benefits to him since July 9, 2015. (Doc. 1) Before the Court is the Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 3) filed February 4, 2016, and a related Motion for Service. The matter was referred to the undersigned on February 4, 2016 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has submitted an affidavit in support of his application to proceed *in forma pauperis*, as required by 28 U.S.C. § 1915(A0(1).

For the reasons stated below, it is my recommendation that the Motion for Leave to Proceed *in forma pauperis* (Doc. 3) and the related Motion for Service be denied.

## I.  Background

As reflected in Plaintiff's affidavit, the Plaintiff is unemployed, but he receives Social Security Disability benefits of $1,793.00 per month. (Doc. 3, p. 1) He lists his wife's earnings, which are stated as being $675.73 bi-weekly, therefore amounting to $1,464.08 per month. (Doc. 3, p. 1) Plaintiff's income, combined with his wife's income, totals $3,257.08 per month.

Regarding assets, Plaintiff's affidavit shows only $58.07 in a checking account, and $298.00 in a savings account. (Doc. 3, p. 2) He lists a home worth $150,880.00 and vehicles (car, Blazer,

pontoon and motorcycle) worth $62,000.00. (Doc. 3, p. 2) His monthly expenses, including mortgage payments, vehicle payments, utilities, food/clothing, credit cards, and other expenses, total $3,105.05 per month, which amount is approximately $152.00 less than his combined monthly income. (Doc. 3, p. 2) He has medical and dental expenses of $1,131.00 toward which he pays "as much as he can." (Doc. 3, p. 2)

## II.  Discussion

28 U.S.C. § 1915 governs applications for leave to proceed in forma pauperis. 28 U.S.C. § 1915(a)(1) provides:

> "... any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

To proceed in forma pauperis is a privilege and not a right. *Green v. Wyrick*, 428 F.Supp. 728, 731  (W.D. Mo. 1976). "A plaintiff, even though of small means, could reasonably be asked to some small degree to 'put his money where his mouth is,' it being all too easy to file suits . . . if it costs nothing whatever to do so." *Id*. at 731-32.

The in forma pauperis statute is designed to ensure "that indigent persons will have equal access to the judicial system." *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (internal citation omitted). The decision of whether to grant or deny in forma pauperis status under § 1915 "is within the sound discretion of the trial court." *Id*.

In *Fiebelkorn v. United States,* the United States Court of Federal Claims indicated: "[T]he

-2-

threshold for a motion to proceed *in forma pauperis* is not high: The statute requires that the applicant be 'unable to pay such fees.' 28 U.S.C. § 1915(a)(1). To be 'unable to pay such fees' means that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States,* 77 Fed.Cl. 59, 62 (2007); *see also Hayes v. United States,* 71 Fed.Cl. 366, 369 (2006).

Here, while Plaintiff has modest liquid assets ($356.07 in bank accounts), he owns a home and vehicles with a combined value of $212,880.00. His income is $1,793.00 per month ($21,516.00 annually), and his wife's net income is $1,464.08 per month ($17,568.96 annually)[1], giving Plaintiff and his wife a combined net income of $3,257.08 per month ($39,084.96 annually). This level of income is approximately two and one-half times the 2015 poverty guidelines for a family of two.[2] The filing fee of $455.00 is only 14% of the Plaintiff's combined monthly family income. An annual income of approximately $20,000.00 was found sufficient to deny in forma pauperis status in *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23-24 (2d Cir. 1988); *see also Duran v. Macias-Price*, 2007 WL 2462066 at *1 (E.D.CA, Aug. 27, 2007) ($3,025 monthly income, home and car ownership, sufficient to deny in forma pauperis status).

It does not appear to the undersigned that Plaintiff is indigent and unable to pay the filing fee or guarantee costs without sacrificing the necessities of life in this action. "The pauper's affidavit should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785

---

[1] While a wife's assets were not to be considered in *Lee v. McDonald's Corp.*, 231 F.3d at 459, the wife there maintained her income and assets separately and denied Plaintiff access. In contrast, Plaintiff has included his wife's income in his affidavit, and there is no indication that any of the listed assets are owned by the wife separately.

[2] https://aspe.hhs.gov/2015-poverty-guidelines (last accessed February 8, 2016).

(11th Cir. 1984).

### III.  Conclusion

Accordingly, the undersigned recommends that Respondent's Motion for Leave to Proceed *in forma pauperis* (Doc. 3), and his related Motion for Service, be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of February, 2016.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

-4-